**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH MACK,<br><br>Petitioner,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Respondent. | No. 24 CV 6649<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Union Pacific Railroad Company dismissed yardman Kenneth Mack, his union challenged the decision through arbitration, and the National Railroad Adjustment Board ruled in Mack's favor. Mack seeks to enforce the Board's award ordering Union Pacific to reinstate him with partial back pay under the Railway Labor Act. Union Pacific moves to dismiss the claim for reinstatement under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Union Pacific also moves for a stay pending the Board's interpretation of the award related to back pay. For the reasons discussed below, the motion to dismiss is denied and the motion to stay is granted.

## I. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. The plaintiff bears the burden of establishing subject-matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When a defendant raises a factual challenge to subject-matter jurisdiction,

"the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

## II. Background

Kenneth Mack worked as a yardman for Union Pacific Railroad Company. [1-1] at 2.[1] Union Pacific dismissed Mack after Mack drove a coworker in a company car. [1] ¶ 9; [1-1] at 2. Mack's union, SMART Transportation Division, challenged Union Pacific's decision in arbitration.[2] [1] ¶ 10. The National Railroad Adjustment Board ruled in Mack's favor. [1-1]. The Board ordered that:

> the Claimant be returned to work at MAPS 2 with a twenty-four-month retention period from the date of the incident, November 17, 2022. The Claimant is to be paid for time held out in excess of six months of the incident.

[1-1] at 2. The Board ordered Union Pacific to comply with the award within 30 days of the award's postmark date on January 24, 2024. *Id.*

Mack alleges that Union Pacific neither reinstated Mack nor compensated him for time lost. [1] ¶ 4. Union Pacific does not dispute this. [11] at 1–2. It says that it began the process of reinstating Mack but dismissed him from service a second time on June 21, 2024, for failing to attend a required meeting to discuss his return to

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are largely taken from Mack's petition, [1], and the underlying arbitration award, [1-1]. Union Pacific attaches a declaration from its General Director of Labor Relations with an accompanying exhibit of the Discipline Agreement and documents related to events occurring after the initial arbitration. *See* [11-1]–[11-5]. Because Union Pacific raises a factual challenge, *see* [11] at 3 n.1, I consider those materials as part of the record.

[2] The complaint states that the Brotherhood of Locomotives and Trainmen grieved Mack's discharge. [1] ¶ 10. Mack's response brief and the arbitration award identifies SMART Transportation Division as his union. [1-1]; [14] at 1.

work. [11] at 1–2; [11-3] (listing violations including "insubordinate" and "dishonest" conduct and failure to comply with instructions).

A month after his second dismissal, Mack filed a petition in this court to enforce the Board's award under 45 U.S.C. § 153 First (p). [1]. Mack's union then submitted a separate case before the Board challenging Mack's second dismissal. [11-4] at 3. Two weeks later, Union Pacific requested that the Board interpret its initial award under 45 U.S.C. § 153 First (m). [11-5]. The parties asked the Board to "clarify whether the Award requires the Claimant to return to active service as a condition of receiving back pay or other benefits." [11-5] at 2. Both proceedings remain pending.

Union Pacific moves to dismiss Mack's claim for reinstatement for lack of subject-matter jurisdiction under Rule 12(b)(1). [10]; [11] at 1. Union Pacific also seeks a stay pending the Board's interpretation of the award on the issue of partial back pay. [11] at 2.

## III. Analysis

Under the Railway Labor Act, federal courts only have jurisdiction over "major" disputes that "arise over the creation of contractual rights," while "minor" disputes concerning the "interpretation or application of already existing

agreements" must be resolved through arbitration. *Int'l Bhd. of Teamsters v. Republic Airways Inc.*, 127 F.4th 688, 693–94 (7th Cir. 2025) (citations omitted).[3]

The National Railroad Adjustment Board's awards are "final and binding upon both parties to the dispute." 45 U.S.C. § 153 First (m). A party may ask the Board to interpret an award in the event of a dispute. *Id.* The Act also provides an enforcement mechanism if a railroad fails to comply with an order. *See id.* § 153 First (p) ("If a carrier does not comply with an order… within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court."). A district court may enforce or set aside an order, though a court's authority to do the latter is strictly limited. *Id.*

Judicial enforcement of an arbitration award is "neither a duty nor a license to interpret it." *Bhd. Ry. Carmen Div., Transp. Commc'ns Int'l Union, AFL-CIO v. Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d 156, 160 (7th Cir. 1992). A district court may remand for clarification by the Board if an award is "too ambiguous to be enforced, as when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation." *Bhd. of Locomotive Eng'rs & Trainmen v. Union Pac. R. Co.*, 500 F.3d 591, 592 (7th Cir. 2007).

If Mack's claim is not just about enforcement of an award, but about the propriety of his second discipline, this case would be a minor dispute. *See Bhd. of Locomotove Eng'rs*, 500 F.3d at 592 (distinguishing enforcement of awards from

[3] The jurisdictional label might be misnomer, but whether substantive or jurisdictional, mandatory arbitration before an adjustment board ends the litigation between the parties and forecloses its continuation in federal court. *Republic Airways Inc.*, 127 F.4th at 694 n.2.

minor disputes). Union Pacific argues that Mack's claim for reinstatement "necessarily requires a finding that his dismissal in June for failing to comply with the return-to-work process was improper," which implicates the application of the Discipline Agreement in the collective bargaining agreement. [11] at 6. Union Pacific is correct in part. Disputes between a labor union and railroad over disciplinary procedures and hearings are generally categorized as minor disputes subject to mandatory arbitration. *See Hendley v. Central of Ga. R.R. Co.*, 609 F.2d 1146, 1150 (5th Cir. 1980) ("[A] disciplinary hearing which is conducted in accordance with the procedures set out in an applicable collective bargaining agreement would usually constitute a minor dispute."). But Mack does not challenge the second dismissal in his petition to enforce the Board's award. [14] at 7. His union separately sought to arbitrate the propriety of the second dismissal before the Board. [11-4].

The only question is whether Union Pacific complied with the Board's order from January 2024 that Mack "be returned to work at MAPS 2." [1-1] at 2. That's not a minor dispute, and this court has the authority to determine Union Pacific's compliance with the award under 45 U.S.C. § 153 First (p). *See Bhd. Ry. Carmen of U.S. & Canada, AFL-CIO, CLC v. Belt Ry. Co. of Chicago*, 658 F.Supp. 136, 139 (N.D. Ill. 1987) ("[I]n an enforcement action it is the court's function to determine what the language of the award means."). Remand for clarification rather than enforcement may be appropriate if an award fails to account for a contingency or is "susceptible to more than one interpretation." *Bhd. of Locomotive Eng'rs*, 500 F.3d at 592. Here, there is no ambiguity in the Board's order that Mack "be returned to work." Nor does

Union Pacific seek remand based on ambiguity of the reinstatement order. *See* [15] at 1–6. Instead, the railroad argues that it "engaged in the process of returning Mack to active service," but Mack's own failure to comply with return-to-work procedures resulted in his second dismissal. [15] at 5. There's a difference between starting the process of reinstatement and returning an employee to work. The Board's order compelled the latter, and Union Pacific did not comply.[4]

Union Pacific argues that judicial enforcement of the Board's reinstatement order would be a "meaningless exercise in futility" because it would fully comply with an order by changing Mack's employment status to "reinstated" in its personnel records up until the date of his second dismissal. [15] at 2. But that doesn't make enforcement of the original award improper or render Mack's petition moot. An arbitration award requiring "reinstatement of a discharged employee does not mean that the employee has been granted perpetual job security. Once reinstated, an employee is in the same position as any other employee and would be subject to any lawful disciplinary action, layoff, or discharge." *Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 2 F.3d 760, 763 (7th Cir. 1993) (citing *Chicago Newspaper Guild v. Field Enterprises, Inc.*, 747 F.2d 1153, 1156 (7th Cir.

[4] In *Bhd. of Locomotive Eng'rs & Trainmen, Gen. Comm. of Adjustment, Cent. Region v. Union Pac. R. Co.*, 822 F.Supp.2d 793, 799 (N.D. Ill. 2011), the Board ordered Union Pacific to reinstate an employee "predicated upon [his] successful return to service processing per [Union Pacific's] usual and customary procedures." The court enforced the award against Union Pacific for sending notice to the employee's incorrect address and discharging him a second time for failing to comply with return-to-service procedures. *Id.* at 801–03. This case is an easier case for enforcement. The Board's award did not condition Mack's reinstatement on completing return-to-service procedures, so there's no need for me to consider Mack's alleged failure to comply in order to interpret and enforce the Board's reinstatement order.

1984)) (cleaned up).[5] In *Chrysler Motors*, the court recognized that an employer could reinstate an employee pursuant to an arbitration award, then discharge the same employee "acting pursuant to the evidence its post-discharge investigation had uncovered" that the arbitrator had not considered in its reinstatement order. 2 F.3d 7 at 763–64. Here, the Board did not consider the events of Mack's second dismissal, so the question of Union Pacific's compliance with its reinstatement order is narrow. Because the Board's order required Union Pacific to return Mack to work and Union Pacific did not do so, Mack is entitled to seek enforcement.[6]

Mack's petition also seeks enforcement of payment "for time held out in excess of six months of the incident." [1] at 3. Mack construes Union Pacific's request for a stay as to the back pay portion of the Board's award as a request to remand for clarification. *See* [14] at 10–14. As Union Pacific points out, it submitted a request for the Board to interpret its order for back pay under 45 U.S.C. § 153 First (m). *See* [11-5] at 2. Because that part of the Board's award is under review, any enforcement proceedings are stayed pending the Board's interpretation of the full award and any ambiguities have been resolved by the Board in the first instance. *See Bhd. of Locomotive Eng'rs,* 500 F.3d at 592 (7th Cir. 2007) ("[T]he district court should if

---

[5] *Chrysler Motors* and *Chicago Newspaper Guild* arose in different statutory contexts, but those basic principles apply in determining the scope of judicial authority to interpret and enforce an arbitration award under the Railway Labor Act. *See, e.g.*, *Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d at 159–60 (citing *Chicago Newspaper Guild*, 747 F.2d at 1157–58)).

[6] Even if it is merely an administrative formality, judicial enforcement of Mack's reinstatement would affect his entitlement to lost pay or benefits during the period from his reinstatement to his second dismissal. *See In re Res. Tech. Corp.*, 430 F.3d 884, 886 (7th Cir. 2005) ("A case is moot when no further judicial relief is possible.").

possible send the matter back to the original arbitration panel for clarification rather than put the parties to the expense of starting from scratch.”). There’s no need to remand, because the interpretive question is already pending before the Board. A stay is the appropriate disposition.

## IV. Conclusion

Union Pacific’s motion to dismiss for lack of subject-matter jurisdiction is denied, and its motion to stay pending the Board’s interpretation of back pay is granted. [10]. The parties shall file a joint report on the status of the pending Board proceeding related to the interpretation of Mack’s back pay by May 7, 2025.

ENTER:

Manish S. Shah
United States District Judge

Date: April 16, 2025